RICHARD HAYWOOD *v.* THE STATE.

CARRYING CONCEALED WEAPONS. *Traveling on a journey.* *Code* 1880, § 2985.
  The pursuit of a fugitive daughter, begun without knowing where it will lead, is "traveling on a journey," within the meaning of the statute against carrying concealed weapons.

APPEAL from the circuit court of Bolivar county.

HON. GEORGE WINSTON, Judge.

At the time when the appellant was seen with the pistol concealed he was twelve or fourteen miles from his home, in the same county, and was in pursuit of his daughter, a girl twelve or thirteen years old, who had either run away or been abducted from home. He was in company with a neighbor, whose daughter was likewise missing, and who was aiding in the search and pursuit. The proof showed that the appellant lived about two miles from Stormville, which is ten or twelve miles from Beulah, where he was when the pistol was discovered upon his person, and the arrest occurred. The appellant knew no one in Beulah, or in that locality, and did not know how far he would have to go on his mission, but purposed to go further and continue the pursuit until the girls were found.

The instructions both for the state and the defense invoked the rule that the test of innocence or guilt was whether or not the defendant was traveling beyond the circle of his friends and acquaintances.

The jury found the defendant guilty, and he appeals from the judgment of the court.

*Jno. L. Wiggins,* for the appellant.

I hold that a man who has gone ten or twelve miles from home, on a lawful pursuit, and is prosecuting his journey further yet from his home, with no fixed time in which his travels are to end, and without any knowledge as to how far he may have to go, or to what places and localities his pursuit may take him, is " traveling or setting out on a journey " in the meaning of the statute and can lawfully carry a concealed weapon.

His return was indefinite, and he was already beyond the circle of his friends and acquaintances.   In this respect this case is not similar to *McGuirk* v. *State,* 64 Miss. 209.

*T. M. Miller,* attorney-general, for the state.

By way of argument for the state, it is deemed sufficient to suggest that if the position of counsel for appellant be correct a person may move into any county in the state, from a limited circle of friends and acquaintances, and then with impunity carry a concealed weapon, provided he goes into some other neighborhood in the same county, where he does not know anybody.   *McGuirk* v. *The State,* cited by counsel, and the authorities therein referred to, are conclusive against appellant.

COOPER, J., delivered the opinion of the court.

The pursuit after the fugitive or abducted girls, undertaken and prosecuted without knowing to what length it would extend, nor the places and localities into which it would lead, was a " journey " within the meaning of the statute against carrying concealed weapons.   The appellant should have been acquitted on the facts.

*Judgment reversed and cause remanded.*